IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELBERT SOSEEAH, for himself
and others similarly situated,
MAXINE SOSEEAH, for herself and
others similarly situated, DAVID
ARELLANES, for himself
and others similarly situated, and
JOHN BORREGO, for himself
and others similarly situated.

        Plaintiffs,

v.                                                         No. CIV 12-01091 RB/GBW

SENTRY INSURANCE, A MUTUAL COMPANY,
AND ANY OTHER RELATED BUSINESS
ENTITIES INCLUDING PARENT
COMPANIES, CONSOLIDATED
TAX FILERS AND SUBSIDIARIES
INCLUDING DAIRYLAND INSURANCE
COMPANY, PEAK PROPERTY AND
CASUALTY INSURANCE COMPANY, and
VIKING INSURANCE COMPANY OF WISCONSIN,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Leave to File Fourth Amended Class Action Complaint. (Doc. 93). Jurisdiction arises under 28 U.S.C. § 1332. Having reviewed the submissions of the parties and the relevant law, Plaintiffs' motion is **GRANTED.**

**I.**    **Background**

This action arises out of a dispute over vehicular automobile insurance policies sold by Defendant Sentry Insurance and its related entities in the State of New Mexico. Plaintiffs allege

the Defendants' policies failed to comport with the legal requirements imposed by the State of New Mexico for uninsured/underinsured motorist ("UM/UIM") insurance coverage.

Plaintiffs' original Class Action Complaint was filed in state court on September 18, 2012 and removed to this Court on October 22, 2012. (Doc. 1). Plaintiffs filed a First Amended Complaint on October 25, 2012. (Doc. 4). The Court subsequently entered a scheduling order in which Plaintiffs were given an April 20, 2013 deadline for amending pleadings. (Doc. 18). On April 22, 2013, Plaintiffs filed a motion for leave to amend their complaint, which Defendants did not oppose. (Doc. 25). With the Court's approval (Doc. 34), Plaintiffs filed their Second Amended Class Complaint on May 15, 2013. Following a July 2013 hearing on a motion by Plaintiffs to extend deadlines, the Court permitted Plaintiffs to file a Third Amended Complaint. (Doc. 65). On November 8, 2013, Plaintiffs filed the instant motion, seeking leave to file a Fourth Amended Complaint. Defendants oppose the motion.

## II.   Legal Standard

Rule 15 of the Federal Rules of Civil Procedure governs the amendments to pleadings generally. Under Rule 15(a), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Further, Rule 15(a) makes explicit that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowec-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court analyzed Rule 15(a), stating:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

>  deficiencies by amendments previously allowed, undue prejudice to the opposing
>  party by virtue of allowance of the amendment, futility of amendment, etc. – the
>  leave sought should, as the rules require, be "freely given."

*Id.* at 182 (quoting FED. R. CIV. P. 15(a)).

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is also implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In *Minter v. Prime Equipment Co.*, the Tenth Circuit expressly declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements," as that issue was not argued by the parties. 451 F.3d 1196, 1205 (10th Cir. 2006).

### III.   Discussion

Plaintiffs seek leave to amend their Complaint for a fourth time. According to the Plaintiffs, the Fourth Amended Complaint cures three deficiencies: (1) it removes all reference to the Arellanes Plaintiffs, who have been dismissed; (2) it narrows the proposed class on which Plaintiffs will seek certification; and (3) it clarifies Plaintiffs' factual allegations and streamlines Plaintiffs' class action claims. Plaintiffs claim these changes simplify the complaint.

Defendants oppose this motion, arguing that Plaintiffs were untimely in seeking the amendment, that they would be prejudiced by the amendment, and that the amendment would be futile. The Court briefly addresses each of these arguments.

#### a.   Timeliness

"Undue delay" is one of the justifications for denying a motion to amend. *See Foman*, 371 U.S. at 182. The emphasis is on whether the delay was undue: "[l]ateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th

Cir. 1975). Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. *See Minter*, 451 F.3d at 1205. However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.*

Here, despite the fact that the Plaintiffs filed the instant motion after the April 20, 2013 deadline, there is simply no indication that the Plaintiffs sat on their hands, or purposefully sought to delay amending the complaint. Rather, according to the briefs, it is clear that Plaintiffs have acted in a timely manner, and in response to events and discoveries that occurred during the litigation process. (*See* Doc. 103 at 4).

This version of events is supported by the proposed Fourth Amended Complaint itself. Plaintiffs' proposed amendment does not add new claims, and will not significantly alter the basic course of the litigation. Thus, the complaint does not appear to be a moving target. *See Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 800 (10th Cir. 1998). Nor, is this a last ditch attempt to avoid dismissal, or an attempt to blindside the Defendants with a new issue on the eve of trial.

Defendants' brief does not offer factual evidence to support the contrary view. It is not enough to say that the Plaintiffs should have amended their Complaint earlier – that point was clear when the Defendants chose to oppose the motion. The question is whether the delay was undue. The Court determines it was not.

### b. Prejudice

Next, the Court considers the most important question in deciding a motion to amend the pleadings: whether the amendment would prejudice the nonmoving party. *Minter*, 451 F.3d at 1207-08. "Rule 15 . . . was designed to facilitate the amendment of pleadings except where

prejudice to the opposing party would result." *United States v. Hougham,* 364 U.S. 310, 316 (1960); *see also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . , provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)).

Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. *Compare Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), *with Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims").

Defendants assert that they would be prejudiced if the amendment is allowed. However, they offer scant support for this conclusory allegation. Defendants basically argue that they had prepared their case based upon the previously proposed class definitions, and would need additional discovery to respond to the changed class definitions.

The Court does not agree that the Defendants' position will be significantly impacted if Plaintiffs are granted leave to amend. The proposed amendment does not change the nature of the case, nor does it present any new factual issues. Most likely, any additional discovery necessitated by this amendment is within the Defendants' control. Further, Defendants have failed to show, specifically, any undue difficulty it will confront in defending against the revised

class, or how their litigation decisions would have been impacted if they had been advised earlier that Plaintiffs intended to revise the class definition.

Accordingly, the Court determines that the Defendants have not met their burden to show that they will suffer undue prejudice if Plaintiffs are permitted to amend their complaint to revise the class definitions.

### c. Futility

Last, the Defendants argue that allowing leave to amend would be futile, since the revised class is not certifiable.

Indeed, the Court may deny leave to amend where amendment would be futile. *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.*; *see also Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir.1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . , a court may dismiss *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (citations omitted)).

Here, Defendants misconstrue the futility standard. Rather than focusing on the viability of the claims, the Defendants focus on the viability of the potential class. A challenge to a motion to amend is not the proper avenue to make such a challenge.[1] Therefore, because the Court has no basis to believe that the amended complaint would be subject to dismissal, the proposed amendments are not futile.

## IV. Rule 16

The Court does not decide whether Plaintiff must satisfy Rule 16(b)(4)'s "good cause" standard in addition to Rule 15(a)(2) to amend the complaint. This is because assuming,

---

[1] The Court notes that an opposed motion to certify the class is currently pending before the Court. (*See* Doc. 107).

*arguendo*, that Rule 16(b)(4) applies, Plaintiffs have shown "good cause" for the amendment. *See Rehberg v. City of Pueblo*, No. 10-CV-00261-LTB-KLM, 2011 WL 4102287 (D. Colo. 2011) (applying the same approach).

Rule 16 governs amendments to pretrial scheduling orders. *See* FED. R. CIV. P. 16(b). The rule "gives district courts wide latitude in entering scheduling orders." *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978 (10th Cir. 1996) A scheduling order sets a deadline for amending the pleadings. After a scheduling order is entered, it may be amended only upon a showing of "good cause and with the judge's consent." *Id.* 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for delay." *Strope v. Collins,* 315 Fed. App'x 57, 61 (10th Cir. 2009). A district court's refusal to modify a scheduling order will be reviewed for an abuse of discretion. *Burks,* 81 F.3d at 978.

The Court determines that Plaintiffs have demonstrated good cause for amending their complaint.[2] As the Court noted earlier in this decision, the Plaintiffs delay in filing their amendment was a natural result of the litigation process. Plaintiffs continuously worked to streamline their complaint to reflect the information gained during discovery, without adding new claims or facts. This is evidenced by the fact that they made no substantive changes to the complaint apart from the proposed class definitions, which Plaintiffs are free – barring prejudice to other side and the persons being dropped from the class – to modify even at this stage of the proceeding. *See* 32B Am. Jur. 2d *Federal Courts* § 1601 (2013) ("The class definition may be modified and subclasses defined as a result of discovery or even developments at trial.").

---

[2] The Court also notes that its reasoning in determining there was no undue delay is applicable in deciding whether there is good cause under Rule 16(b). In *Minter* the Tenth Circuit noted that there is a "rough similarity between the 'good cause' standard of Rule 16(b) and [the court's] 'undue delay' analysis under Rule 15" such that the analysis of the latter applies to the former. 451 F.3d at 1205 n. 4.

7

**THEREFORE,**

   **IT IS ORDERED** that Plaintiffs' Motion for Leave to File Fourth Amended Complaint is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**